UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ROBIN J. HILL,<br><br>     Plaintiff,<br><br> vs.<br><br>UNKNOWN NAMED POLICE OFFICER and RAPID CITY POLICE DEPARTMENT,<br><br>     Defendants. | CIV. 16-5108-JLV<br><br>ORDER |

**BACKGROUND**

Plaintiff Robin J. Hill, appearing *pro se*, filed a complaint alleging violations of his constitutional rights. (Docket 1). The court appointed Attorney James Leach for a period of sixty (60) days to represent Mr. Hill and determine whether he would represent Mr. Hill for the remainder of the case. (Docket 11). The court vacated the order appointing Mr. Leach to this case. (Docket 15).

Since this case was filed, the court has been informed that Robin J. Hill is a false name and the plaintiff's real name is Michael Howard Hunter. Mr. Hunter has filed multiple lawsuits in the District of South Dakota and the District of North Dakota. Mr. Hunter has filed six cases in the District of South Dakota[1] and 14 cases in the District of North Dakota.[2]

---

[1] South Dakota v. Hunter, CIV. 88-4007 (Mr. Hunter petitioned for removal to federal court and a writ of habeas corpus); Hunter v. Hawkey, et al.,

On January 11, 2017, Mr. Hunter was arrested for a violation of supervised release in a case from the District of North Dakota.  <u>United States v. Michael Howard Hunter</u>, CR. 13-00042 (Docket 318) (D.N.D. 2013).

**ANALYSIS**

Bringing a lawsuit under a false name is a serious act and courts do not treat it lightly.  In an analogous case where a plaintiff brought a civil rights case under a false name, the United States Court of Appeals for the Seventh Circuit stated:

> Filing a case under a false name deliberately, and without sufficient justification, certainly qualifies as flagrant contempt for the judicial process and amounts to behavior that transcends the interests of the parties in the underlying action. . . .
>
> We note that Rule 10(a) of the Federal Rules of Civil Procedure mandates that every pleading "shall include the names of all the parties."  Fed. R. Civ. P. 10(a) (2002).  In rare instances will we allow parties to proceed under false names because the public has a right to know who is using the courts.  <u>Doe v. Blue Cross & Blue</u>

---

CIV. 88-4013; <u>Hunter v. Hogen, et al.</u>, CIV. 88-4067; <u>Hunter v. Heller, et al.</u>, CIV. 89-4101; <u>Hunter v. United States Marshal Service, et al.</u>, CIV. 16-5114; <u>Hill v. Unknown Named Police Officer, et al.</u>, CIV. 16-5108.  In the <u>Hill</u> case, Mr. Hunter brought the case under the false name Robin J. Hill.

[2]<u>Hunter v. Cass County Sheriff's Department, et al.</u>, CIV. 91-0171; <u>Hunter v. Annear, et al.</u>, CIV. 92-0079; <u>Hunter v. U.S. Marshal</u>, CIV. 92-0122 & CIV. 92-0123; <u>Hunter v. Rudnick, et al.</u>, CIV. 94-0016; <u>Hunter v. USA</u>, CIV. 99-0181; <u>Hunter v. U.S. Marshal</u>, CIV. 01-0132; <u>Hunter v. USA</u>, CIV. 04-0008; <u>Hunter v. Hill, et al.</u>, CIV. 04-00030; <u>Hunter v. Mohr, et al.</u>, CIV. 07-0112; <u>Hunter v. United States Marshal</u>, CIV. 13-00058; <u>Hunter v. Jordheim, et al.</u>, CIV. 14-0044; <u>Hunter v. US Probation Officer, et al.</u>, CIV. 15-00097; <u>Hunter v. Colvin</u>, CIV. 16-0021.

Mr. Hunter has four other cases where he is listed as a plaintiff or petitioner, but those cases were either filed in error or re-docketed under another case number.  See, e.g., <u>Hunter v. USA</u>, CIV. 02-00052; <u>Hunter v. Jordheim, et al.</u>, CIV. 13-00057.

> Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997).
> Sheppard's failure to proceed under his true name is also a
> violation of Rule 10(a).

Dotson v. Bravo, 321 F.3d 663, 668, 669 n.4 (7th Cir. 2003). The Dotson court found dismissal with prejudice appropriate because of the plaintiff's acts. Id. at 668-69. The United States Court of Appeals for the Eleventh Circuit stated a similar view:

> A trial is not a masquerade party nor is it a game of judicial hide-n-seek where the plaintiff may offer the defendant the added challenge of uncovering his real name. We sometimes speak of litigation as a search for the truth, but the parties ought not have to search for each other's true identity. Rule 10(a) requires that the name of the parties be disclosed in the complaint; Rule 11 forbids lying in pleadings, motions, and other papers filed with the court; and Rule 41(b) provides for dismissal with prejudice as the ultimate sanction for violation of the rules. Fed. R. Civ. Pro. 10(a); Fed. R. Civ. Pro. 11; Fed. R. Civ. Pro. 41(b).

Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006). The Zocaras court dismissed the plaintiff's complaint with prejudice. Id. at 484-85.

The court finds plaintiff's act of filing under a false name violates Rule 10 and Rule 11 of the Federal Rules of Civil Procedure. Zocaras, 465 F.3d at 484; Dotson, 321 F.3d at 668.

The deception in Zocaras and Dotson was more extensive than it is in this case. In Zocaras, the plaintiff "followed a pattern of deception for a period of at least six years from the time he got the driver's license in 1996 through multiple arrests, convictions, and incarcerations, and filed more than thirty pleadings and motions under a false name in [the] case." 465 F.3d at 483. "At least some of those pleadings and motions were filed under penalty of perjury. All of them hid his actual identity.

3

Not until the pretrial proceedings were completed and a jury was in the box did the plaintiff finally own up to who he really is." Id.  In this case, plaintiff's deception is limited to five filings under a false name.  (Dockets 1, 3, 4, 8 & 10).  But the court discovered plaintiff's false name through sources other than plaintiff.  The court can only speculate on when he would have "finally own[ed] up to who he really is."  Zocaras, 465 F.3d at 483.

Observing that this case's deception is less extensive does not take away from plaintiff's clear violations of the Federal Rules of Civil Procedure.  It is relevant for determining the proper resolution of this case.  Both the Zocaras and Dotson courts acknowledged the severity of dismissing a case with prejudice.  Id. at 484-85; Dotson, 321 F.3d at 668-69.  The Zocaras court dismissed the case with prejudice pursuant to Rule 41(b) in ruling on a motion to dismiss filed by the defense.  Zocaras, 465 F.3d at 483-85.  The Dotson court dismissed the case with prejudice based on Rule 37(b) sanctions and "the court's inherent authority to rectify abuses to the judicial process . . . ."  Dotson, 321 F.3d at 667-69 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991)).  "[A] court . . . has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."  Zocaras, 465 F.3d at 483 (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)); Wescott Agri-Products, Inc. v. Sterling State Bank, Inc., 682 F.3d 1091, 1095 (8th Cir. 2012) ("By its nature as a

court of justice, the district court possesses inherent powers to manage [its] affairs so as to achieve the orderly and expeditious disposition of cases.") (internal quotation marks omitted) (citation omitted).  Based on plaintiff's non-extensive deception and the court's inherent authority to resolve this matter, the court finds it appropriate to dismiss plaintiff's complaint without prejudice.

## ORDER

Based on the above analysis, it is

ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for equitable relief (Docket 8) is denied as moot.

Dated February 9, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE